ANTHONY R. GALLAGHER
Attorney at Law
3501 12th Avenue South
Great Falls, MT 59405
anthonygallagherlaw@aol.com
Phone: (406) 799-2165

LARRY D. MANSCH
Snyder, Beaudry & Cook, P.C.
P.O. Box 717
Bigfork, MT 59911
lkmansch@aol.com
Phone: (406) 274-4116 (Office)

    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES KIRBY KING,<br><br>    Defendant. | Case No. CR 23-98-GF-BMM<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS |

James Kirby King, by and through his attorneys, Anthony R. Gallagher and Larry D. Mansch, submits the following Brief in Support of his Motion for a Bill of Particulars.

1

I.   Background

Kirby King is charged in a twenty-count Indictment. (Doc. 1, 2). At Arraignment he tendered pleas of Not Guilty to all counts. (Doc. 6). Undersigned counsel were appointed. (Doc. 9 and 13). Following entry of a Protective Order (Doc. 16), discovery was received by the Defendant and defense counsel. (Doc. 17).

But for the crime of First Degree Murder, the alleged offenses could not be more serious. Allegations are Aggravated Sexual Abuse of a Child (Counts 1, 7, and 9), Incest (Counts 2, 6, 8, and 10), Sexual Exploitation of Children (Counts 3, 13, and 14), Aggravated Sexual Abuse - Rendering Unconscious and Drugging Victim (Counts 4 and 17), Sexual Abuse (Counts 5 and 18), Attempted Aggravated Sexual Abuse - Rendering Unconscious and Drugging Victim (Count 11), Attempted Sexual (Count 12), Sexual Abuse of a Minor (Count 15), Aggravated Sexual Abuse (Count 16), Attempted Possession with the Intent to Sell Child Pornography in Indian Country (Count 19), and Possession of Child Pornography in Indian Country (Count 20).

The offenses are alleged to have occurred over a three-decade period. For instance, in Count 1 the United States says that "in or about 1996, near Hays, in the State and District of Montana, and within the exterior boundaries of the Fort Belknap Indian Reservation Mr. King engaged in a sexual act with Jane Doe 1." No specificity as to the location, date, time, or person is provided. Alleging the same time frame – in or about 1996 – Count 2 says Mr. King committed Incest at the Fort Belknap Indian Reservation. No further specificity as to the location, date, time, or person is provided. Count 3 switches time frame to between 2003 and 2007, but besides the town (Hays, Montana), the third count fails to specify location, date, time, or identity of the person designated as "Jane Doe 1". Focusing on a different period, 2001 and 2007, Count 4 says Mr. King rendered Jane Doe 1 unconscious in an attempt to engage in a sexual act. As before, exact location, date, time, and the person's identity is lacking. Regarding Count 5, again supposedly involving the unidentified Jane Doe 1, without narrowing location, date, time, the prosecutors say between 2001 to 2007, near Hays, Mr. King engaged in a sexual act with Jane Doe 1 while she was somehow incapacitated. Suffering the same shortcomings, Count 6,

3

prosecutors fail to specify the location, date, time Mr. King allegedly had sexual contact with Jane Doe 1, whom they claim is a descendant.

Reaching back more than 30 years to 1992, the Government asserts in Count 7 that Mr. King engaged in a sex act with John Doe near Hays. No further specificity as to the location, date, time, or person is provided. Counts 8 and 9, charging Incest and Aggravated Sex Abuse with John Doe 1 respectively, claim events occurred in 1992 and 1996. As before, there is no specificity with respect to place, person, date and time.

Turning then to Counts 11, 12 and 13, Mr. King supposedly had illegal acts involving Jane Doe 2 – Attempted Aggravated Sexual Abuse - Rendering Unconscious and Drugging Victim, Attempted Sexual Abuse, and Sexual Exploitation of Children. The acts are supposed to have happened "in, about, or between 1994 and 1995, near Hays" but the charging document does not give proper notice of the precise location, date, time, or person, nor the manner and means of the alleged drugging.

Count 15 claims Jane Doe 3, purportedly under age 12, was sexually abused by Kirby King. This count is flawed because it does not specify when "in or about 1995, near Hays" the charged acts were to have

transpired. Jumping ahead 23 years (in or about 2018) Count 16 says Jane Doe 3 was forcibly caused to engage in a sexual act "near Hays." Though the alleged act occurred, what appears to be about five years ago, the United States has not given the Defendant sufficient information to identify the time, place or person involved.

Back in time to 2009, Count 17 mentions Jane Doe 4, was drugged by Mr. King near Hays and engaged in a sexual act. Count 18, also involving Jane Doe 4 in or about 2009 near Hays, says Mr. King committed sexual abuse. In each instance place, date and times are not explained, the substance or substances go undefined and the person is not identified.

Counts 19 and 20 involve a span of time of 10 years – in, about, or between 1993 and 2003. The time frame for the crimes alleged in these two counts is at the least 20 years ago. The offenses in these counts by definition involve items for sale or which were capable of being possessed. Thus, lack of specificity regarding the "film, videotape, computer disk, and other material that contained more than three images of child pornography" is problematic.

5

Based on a review of the discovery available to the defense at this juncture, the prosecutors claim the allegations in the Indictment are supported by documents and other material bate stamped with Government numbers USAO-00001 to USAO-01246, 75 files in 14 folders containing "Digital Evidence" (recordings) (about 15.1 Gigabytes), and 326 files in 25 folders marked "Native Format Material" (approximately 5.2 Gigabytes). The discovery produced and thus far reviewed by the defense does nothing to clarify matters in the Indictment summarized above.

II. Legal Analysis and Argument

A motion for a bill of particulars is one of the few procedural devices a defendant can use to obtain sufficient information to prepare and present an adequate defense. Fed. R. Crim. P. 7(f) provides:

> (f) Bill of Particulars. The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

A court should direct the filing of a bill of particulars where the "information is necessary or useful in the defendant's preparation for trial." Will v. United States, 389 U.S. 90, 98-99 (1967). Rule 7(f) was

amended, effective July 1, 1966. The purpose of said amendment is to eliminate the requirement of a showing of cause and "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Notes of Advisory Committee to Fed. R. Crim. P. 7(f) (as amended July 1, 1966).

A bill of particulars consists of a formal statement, in addition to the indictment, prepared by the prosecutor, meant to "apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). A court tasked with determining the propriety of issuance of a bill of particulars "should consider whether the defendant has been advised adequately of the charges and all other disclosures made by the government." Id. A bill of particulars is meant "to supplement the indictment by providing more detail of the facts upon which the charges are based." United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981). A bill of particulars is appropriate when the indictment is insufficient to permit the preparation

of an adequate defense. United States v. Dicesare, 765 F.2d 890, 897 (9th Cir. 1985). In Long, 706 F.2d at 1054, the court stated that "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense [citing Will v. United States, 389 U.S. 90, 99 (1967) and other cases]." Without a bill of particulars, Mr. King cannot properly prepare to defend himself against the allegations in the Indictment.

It is impossible to identify and question everyone the Jane Does and John Doe came in contact with during periods Mr. King was supposedly committing illegal acts against them. Even if such witnesses are found, what does undersigned counsel or investigators ask about the location, the time, the other events or individuals that may bear on the allegation(s)? The defense cannot ask if they remember whether Jane Does and/or John Doe were acting strangely at a certain point in time because there is no date from which to start, except the wide range of dates alleged in each count. There is no benefit in asking potential witnesses if they could provide an alibi because the exact date of the accusations is essentially unknown.

Asking a person to defend himself against conduct that purportedly took place at some nebulous time five, ten or even thirty years ago, infringes constitutional rights to due process and a fair trial as guaranteed by the Fifth and Sixth Amendments.

III. Requested Particulars

1. The phrase "in or around Hays" does not provide sufficient detail for Mr. King to defend the allegations, especially because of the vast time span since the conduct allegedly occurred. Particularize the location of the alleged acts in Counts 1 through 20.

2. The Indictment in some instances deals with allegations that are several decades old. The breadth of the range(s) of dates makes it impossible for the defense to focus on the activities of the parties allegedly harmed, to identify witnesses to negate the claims, and to effectively delve into the veracity of the unnamed victims in cross examination. The defense requests specificity as to the dates the charged conduct occurred.

3. With respect to those counts alleging drugging, state with particularity the substance used to incapacitate which then resulted in a sexual act.

4.    Specify the manner and medium for creation of the alleged child pornography in Counts 19 and 20 and the specific date and location of the offenses.

IV.    Conclusion

For the foregoing reasons Mr. King prays this Honorable Court will Order the United States to provide a bill of particulars addressing the requests above and for whatever further relief this Court deems necessary and just.

Mr. King asks leave of Court to amend or update his request for particulars as the tasks of discovery review and defense investigation progress in the weeks ahead.

RESPECTFULLY SUBMITTED this 25th day of October 2023.

/s/ Anthony R. Gallagher

CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the body of the memorandum is less than 6,500 words, proportionately spaced, and has a typeface of 14 points or more. The body contains 1,819 words, excluding the caption, certificate of compliance, and certificate of service.

RESPECTFULLY SUBMITTED this 25th day of October 2023.

/s/ Anthony R. Gallagher

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, a copy of the foregoing document was served on the following persons by the following means:

```
1, 2    CM-ECF
  3     Mail
        E-Mail
```

1. CLERK, U.S. DISTRICT COURT
2. AMANDA L. MYERS
   RYAN G. WELDON
   Assistant U.S. Attorneys
      Counsel for United States
3. JAMES KIRBY KING
      Defendant

/s/ Anthony R. Gallagher