ANTHONY R. GALLAGHER
Attorney at Law
3501 12th Avenue South
Great Falls, MT 59405
anthonygallagherlaw@aol.com
Phone: (406) 799-2165 (Office)

LARRY D. MANSCH
Snyder, Beaudry & Cook, P.C.
8090 Hiway 35
P.O. Box 717
Bigfork, MT 59911
larry@bigforklaw.com
Phone: (406) 274-4116 (Office)
   Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JAMES KIRBY KING,<br><br>   Defendant. | Case No. CR 23-98-GF-BMM<br><br>MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR POSTPONEMENT AND EXTENSION OF ALL PRETRIAL DEADLINES |

  For reasons stated below, Mr. King requests that trial be set on or after Thursday, April 25, 2024, and that all pretrial deadlines be extended accordingly.

1

I.   Background

Mr. King, alleged to be an Indian person, is charged in a twenty-count Indictment. (Doc. 1, 2). At Arraignment he tendered pleas of Not Guilty to all counts. (Doc. 6). Undersigned counsel were appointed. (Doc. 9 and 13). Following entry of a Protective Order (Doc. 16), discovery was received by the Defendant and defense counsel. (Doc. 17).

The Indictment charges Aggravated Sexual Abuse of a Child (Counts 1, 7, and 9), Incest (Counts 2, 6, 8, and 10), Sexual Exploitation of Children (Counts 3, 13, and 14), Aggravated Sexual Abuse - Rendering Unconscious and Drugging Victim (Counts 4 and 17), Sexual Abuse (Counts 5 and 18), Attempted Aggravated Sexual Abuse - Rendering Unconscious and Drugging Victim (Count 11), Attempted Sexual (Count 12), Sexual Abuse of a Minor (Count 15), Aggravated Sexual Abuse (Count 16), Attempted Possession with the Intent to Sell Child Pornography in Indian Country (Count 19), and Possession of Child Pornography in Indian Country (Count 20). In some cases the maximum (or mandatory) penalty is life.

A preliminary review of discovery reveals law enforcement investigation was conducted by tribal and federal authorities. Apparently

working with FBI experts, forensic examiners, and government witness advocates, the case was finally presented to a Grand Jury on/before October 4, 2023, when Indictment was returned. (Doc. 1 and 2). Mr. King was arrested October 12, 2023, more than 30 years after at least some of the alleged events. The United States had three decades to discover, investigate and consider the matter before Mr. King's first appearance on October 17, 2023. Doc. 6. Conversely, as of the date of this postponement request, the defense had barely two weeks from appointment of counsel (Doc. 9 and 13) to obtain discovery, review materials, conduct investigation, draft pretrial motions, and make trial preparations.

A Scheduling Order was filed setting trial for Tuesday, December 27, 2023, with other dates and deadlines (the Motions deadline, including motions in limine, is November 27, 2023). (Doc. 11). Not counting the date of Arraignment, the trial date is 70 days from the last act contemplated by 18 U.S.C. § 3161(c)(1).

The United States acknowledged its need to comply with the provisions of the Due Process Protection Act, Federal Rule of Criminal Procedure 5(f), and disclosure obligations under <u>Brady v. Maryland</u> and

related cases and compliance was ordered. (Doc. 7). Following entry of a Protective Order (Doc. 16), discovery was received by the Defendant and defense counsel. (Doc. 17). Prosecutors claim the allegations in the Indictment are supported by documents and other material bate stamped with Government numbers USAO-00001 to USAO-01246, 75 files in 14 folders containing "Digital Evidence" (recordings) (about 15.1 Gigabytes), and 326 files in 25 folders marked "Native Format Material" (approximately 5.2 Gigabytes).

Given the severity of the decades old accusations and the need to explore allegations not charged but alluded to by the United States in the discovery and otherwise, the defense needs substantial time to investigate and gather defense evidence. In order to prepare Mr. King's case and to provide effective assistance of counsel as required by the Sixth Amendment to the United States Constitution, the defense team, which includes the undersigned and yet-to-be-retained Investigator(s), need more time to analyze investigative reports, witness statements, and audio/video recordings. Without a postponement to on or after April 25, 2024, the defense will be incapable of providing adequate representation.

Mr. King understands that all the time consumed by the granting of this continuance will be chargeable to him, under both the Speedy Trial Act and the Speedy Trial Clause contained in the Sixth Amendment to the United States Constitution.

II. Legal Analysis and Argument

Normally, the trial of an individual charged with a criminal offense must commence within 70 days from the filing of the Indictment or the defendant's first appearance before a judicial officer of the court, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Here that period is 70 days. Title 18 U.S.C. § 3161(h)(8)(B) sets out some of the factors to be considered in determining whether to grant a continuance. These factors, in pertinent part, are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable

5

time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

For reasons discussed more fully below, the defense requests at least 120 days beyond the present trial date, to consider and properly carry out defense investigation, develop and file additional pretrial motions, and prepare for trial.

In the Ninth Circuit, the decision whether or not to continue a scheduled trial is governed by a four-part test set forth in <u>Armant v. Marquez</u>, 772 F.2d 552 (1985). The factors to be considered are: Diligence; Usefulness of the Continuance; Inconvenience; and Prejudice to the Defendant.

    A.    Diligence

Since formal appointment in the case, the undersigned have been diligent. The defense made a timely initial request for discovery. An initial set of discovery was received. See Doc. 17. A preliminary review finds that the material consists of reports, forensic analyses, medical records, interviews, and recordings, totaling more than 20 Gigabytes of data.

Undersigned counsel conducted an abbreviated review of the evidence that the prosecutors claim support the allegations. In meetings and communications with Mr. King, the undersigned have examined and explained the charging document, definitions of terms, the elements of the offenses, the potential penalties, and the applicable law. Impediments of distance, schedule conflicts, and pretrial detention[1] have limited face-to-face attorney/client communications.

Mr. King has viewed, inspected and examined a limited amount of discovery and discussed various legal matters with counsel. One substantive pretrial Motion has been filed. (Motion for Bill of Particulars, Doc. 18).

B.  Usefulness of the Continuance

Undoubtedly a continuance of the trial and other deadlines will be useful. The materials provided so far by the United States are informative, but additional discovery may prove pivotal. The sheer volume of materials hamper attorney/client consultation. Digital items (recordings) can only be examined and discussed in the presence of counsel and/or Investigator.

---

[1] Counsel are in the process of formulating a pretrial release plan.

Arrangements for visits to accomplish the inspection of recordings and other non-documentary material must be made in advance, with any visits contingent on the difficulties of travel, availability of meeting space, and detention facility schedules. In addition, practical considerations incidental to travel to the Fort Belknap Indian Reservation (or other locations pertinent to the defense) for scene inspection delay completion of investigative tasks. Depending on the locus of counsel and/or prospective site of investigative tasks, a drive of up to five hours is necessary to even begin to gather defense evidence and view scenes of alleged offenses.

    Additional time is needed to attempt to overcome impediments in identifying defense witnesses and evidence in light of the age of the allegations and expansive time frames. The defense must endeavor to look into the accuracy of accounts by and credibility of the Jane Does and John Doe. Prosecution witnesses evidently include several forensic examiners and witness advocates. The defense must consider forensic and/or mental health experts to explore psychological factors such as faulty memory, false recall, and improper influence. Defense consultants must be identified, contacted, placed under contract, then endeavor to perform analyses, form

opinions, render reports and/or provide guidance to the defense team in support of motions and/or cross examination.

We also request additional time to consider and file pretrial motions (including but not limited to in limine motions) pending receipt of additional discovery (if any), consultation with experts, and analysis of information gathered through defense investigation.

C. Inconvenience

The Court has limited resources in terms of time. Inconvenience to the Court could be substantial, particularly since a jury trial of four trial days is possible. Nevertheless, inconvenience will be prevented if the defense is properly prepared. In light of the above and a potential mandatory life term for some of the offenses, Counsel respectfully submits that any inconvenience must give way to the Defendant's right to a fair trial.

D. Prejudice to the Defendant

As officers of the Court, Mr. King's lawyers earnestly express the need for more time. The defense must explore the underlying facts and applicable law, hampered by an inordinate passage of time. Meritorious

issues may arise, driven particularly by defense investigation, evaluation, and evidence review. Counsel's failure to bring a legitimate pretrial Motion, effectively lay out a defense, cogently exercise the Defendant's right of confrontation through informed cross-examination, or present possible exculpatory evidence or mitigating testimony, can upset the adversarial balance.

Finally, the undersigned advise that personal and professional commitments extending into the early months of the new year require expanding the time necessary to prepare, investigate, and consult. A new trial setting more than 120 days beyond the present date will help assure continuity of counsel.

III. Conclusion

As a consequence of the above, Mr. King requests that trial be set after April 25, 2024, and all pretrial deadlines be adjusted to allow the defense to prepare for trial and consider and file substantive pretrial motions and/or motions in limine. See, United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997), as appropriate under 18 U.S.C. §§ 3161(h)(7)(A), (B)(i) and (B)(ii). The ends of justice served by continuance outweigh the

interests of Mr. King and the public in a speedy trial. The failure to grant continuance would deny the reasonable time necessary for effective trial preparation, resulting in a miscarriage of justice.

Understanding his postponement request amounts to a waiver of both constitutional and statutory speedy trial rights, James Kirby King submits that the time requested is properly excluded under the Speedy Trial Act. See, Bloate v. United States, 130 S. Ct. 1345, 1351 (2010).

RESPECTFULLY SUBMITTED this 27th day of October 2023.

/s/ Anthony R. Gallagher

/s/ Larry D. Mansch
Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the body of the memorandum is less than 6,500 words, proportionately spaced, and has a typeface of 14 points or more. The body contains 1,891 words, excluding the caption, certificate of compliance, and certificate of service.

RESPECTFULLY SUBMITTED this 27th day of October 2023.

/s/ Anthony Gallagher

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, a copy of the foregoing document was served on the following persons by the following means:

  1, 2    CM-ECF
   3      Mail

1. CLERK, U.S. DISTRICT COURT
2. AMANDA L. MYERS
   RYAN G. WELDON
   Assistant U.S. Attorneys
       Counsel for United States
3. JAMES KIRBY KING
       Defendant

/s/ Anthony Gallagher