IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JAMES KIRBY KING,<br><br>Defendant. | Case No. CR-23-98-GF-BMM<br><br>ORDER |

Defendant James King's (King) Motion to Continue Trial (Doc. 39) is now before the Court. Plaintiff has no objection.

King requests the current trial setting of May 7, 2024, be continued for 120 days. King's brief in support of his motion (Doc. 40) states that King's current counsel was appointed on February 23, 2024. Discovery in this case was made available to CJA counsel on March 8, 2024. Discovery consists of over 3000 pages of documents and what appears to be hundreds of hours of audio and video recordings. Given the severity of the decades-old accusations and the need to explore allegations not charged but alluded to by the United States in the discovery and otherwise, the defense needs substantial time to investigate and

gather defense evidence. In order to prepare King's case and to provide effective assistance of counsel as required by the Sixth Amendment to the United States Constitution, the defense team, which includes the undersigned and Investigator Craig Campbell, need more time to analyze investigative reports, witness statements, and audio/video recordings. Without a postponement to on or after September 7, 2024, the defense will be incapable of providing adequate representation. Because of these factors a continuance is warranted.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id*. §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is

ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

King is charged with Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 1153(a) and 2241(c); Incest, in violation of 18 U.S.C. §1153(b) and Mont. Code Ann. § 45-5-507(1), (4); Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a); Aggravated Sexual Abuse Rendering Unconscious and Drugging Victim, in violation of 18 U.S.C. §§ 1153(a) and 2241(b); Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B); Attempted Aggravated Sexual Abuse Rendering Unconscious and Drugging Victim, in violation of 18 U.S.C. §§ 1153(a) and 2241(b); Attempted Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B); Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 1153(a) and 2243(a); Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a) and 2241(a)(1); Attempted Possession with the Intent to Sell Child Pornography in Indian Country, in violation of 18 U.S.C. §§ 2252(a)(4), (b)(1); and Possession of Child Pornography in Indian Country, in violation of 18 U.S.C. §§ 2252A(a)(5)(b)(2). The crimes allegedly occurred in or about 1996; in or about 1992; in, about, or between 1993 and 1998; in, about, or

between 1993 and 2003; in and about 1994 and 1995; in or about 1996; in or about, or between 2001 and 2007; or between 2003 and 2007; in or about 2009; in or about 2018, near Hays, in the State and District of Montana, and within the exterior boundaries of the Fort Belknap Indian Reservation.  If convicted, King faces a maximum sentence of life of imprisonment.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(I) and (B)(ii).  The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial.  The failure to grant a continuance would deny King and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice.  Accordingly,

**IT IS HEREBY ORDERED** that King's Unopposed Motion to Continue Trial (Doc. 39) is **GRANTED.  IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for May 7, 2024, are **VACATED**.

The following schedule shall apply.  The final pretrial conference is rescheduled for **Tuesday, September 10, 2024 at 8:30 a.m.**  The parties are to report to the chambers of the undersigned.  The jury trial is rescheduled for **Tuesday, September 10, 2024 at 9:00 a.m.** in the Charles N. Pray Courtroom at

the Missouri River Federal Courthouse, Great Falls, Montana.  The motions deadline is **August 9, 2024.**  The plea agreement/notice of intent to proceed to trial deadline is **August 27, 2024.**  Expert reports are due on or before **August 29, 2024.** The JERS disc, Jury Instructions and Trial Briefs are due by **September 3, 2024.**

**All time between the date of this order and September 10, 2024, shall be excluded for purposes of speedy trial**.

DATED this 20th day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court