IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES KIRBY KING,<br><br>　　　　　　　Defendant. | CR-23-98-GF-BMM-1<br><br>**ORDER** |

## INTRODUCTION

Defendant James Kirby King ("King") filed a motion to dismiss Counts 1-20 on June 20, 2024. (Doc. 48.) The government opposes King's motion (Doc. 54.) The Court conducted a motion hearing on August 15, 2024. (Doc. 73.) The Court will discuss King's motion in limine (Doc. 67) in a future order.

## FACTUAL BACKGROUND

The government charged King with a 25-count superseding indictment in this action on December 7, 2023. (*See* Doc. 31). The superseding indictment charges King with the following crimes: aggravated sexual abuse of a child; incest; sexual exploitation of children; aggravated sexual abuse; sexual abuse; attempted aggravated sexual abuse; attempted sexual abuse; sexual abuse of a minor;

1

aggravated sexual abuse; attempted possession with the intent to sell child pornography in Indian Country; possession of child pornography in Indian Country, sex trafficking of children; sex trafficking by force, fraud, or coercion, attempted sex trafficking by force fraud, or coercion; and commission of a sex offense by a registered sex offender. (*Id.*) The charges stem from King's alleged actions within the Fort Belknap Indian Reservation between 1992 and 2018, and from King's actions in Billings, Montana, Havre, Montana, and Great Falls, Montana, between 2019 and 2021. (*See id.*)

## LEGAL STANDARD

It remains well established that the U.S. Constitution grants Congress broad general powers to legislate with respect to Indian Tribes. *United States v. Lara*, 541 U.S. 193, 200 (2004). Congress's legislative ability with respect to Indian Tribes includes criminal law, domestic violence, employment, property, tax, and trade. *Haaland v. Brackeen*, 599 U.S. 255, 275 (2023) (citations omitted).

The Major Crimes Act ("MCA") provides in pertinent part:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). It is widely recognized that the principle of dual sovereignty permits federal and tribal prosecutions for the same crime. *See, e.g., United States v. Enas*, 255 F.3d 662, 667 (9th Cir. 2001); 25 U.S.C. § 1304(b)(2); *see also United States v. Elk*, 561 F.2d 133, 135 (8th Cir. 1977) (federal district court and Indian tribal court do not derive powers from the same sovereign authority, and, therefore, dismissal based on double jeopardy is not applicable.) "[F]ederal courts have concurrent jurisdiction over offenses listed in the [MCA]. In addition, federal courts continue to retain jurisdiction over violations of federal laws of general, non-territorial applicability." *United States v. Young*, 936 F.2d 1050, 1055 (9th Cir. 1991), overruled on other grounds by *United States v. Vela*, 624 F.3d 1148 (9th Cir. 2010).

## DISCUSSION

King appears to argue that the government cannot bring counts 1-20 due to the principles of tribal sovereignty. (Doc. 49 at 3-5.) King claims that Fort Belknap tribal law enforcement investigated King regarding counts 1 and counts 2-6, but the tribal justice system declined to prosecute King for such charges. (Doc. 49 at 6.) King further asserts that counts 7-20 are alleged to have taken place within the exterior boundaries of the Fort Belknap Indian Reservation, and, therefore, the tribal justice system retains primary jurisdiction to bring such charges. King's contentions prove unavailing.

It remains undisputed that the allegations against King in counts 1-2, 4-12, and 15-20 occurred within the exterior boundaries of the Fort Belknap Indian Reservation, being Indian Country. (*See* Doc. 31.) It similarly remains undisputed that the offenses of aggravated sexual abuse of a child, incest, aggravated sexual abuse, sexual abuse, attempted sexual abuse, and sexual abuse of a minor prove to be offenses within the meaning of the MCA. *See* 18 U.S.C. § 1153. The Court recognizes that the requirement to exhaust tribal remedies exists in the context of *civil* disputes between Indians and non-Indians that arise on an Indian reservation. *See Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 854 (1985) (emphasis added). King fails to cite to, and the Court fails to locate, any authority supporting the proposition that the tribal exhaustion requirement applies to criminal actions brought pursuant to the MCA or pursuant to other federal laws of general, non-territorial applicability. King's counsel further admitted that no Indian tribe or tribal entity has objected to King's federal prosecution or accused the government of usurping the tribe's sovereignty in this action. The Court declines to employ the dramatic remedy of dismissing an indictment in the absence of supporting legal authority. Counts 1-2, 4-12, and 15-18 will not be dismissed.

The remaining counts at issue, counts 3, 13, 14, 19, and 20 concern the sexual exploitation of children, the attempted possession with intent to sell child pornography in Indian Country, and the possession of child pornography in Indian

Country, in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(4), (b)(1), (a)(5), (b)(2). (*See* Doc. 31.) Section 2251(a) of title 18 of the U.S. Code, alongside 18 U.S.C. §§ 2251 and 2252A(a)(4)(A) and (a)(5)(A), provide independent bases for federal district court jurisdiction outside the requirements of the MCA. The Court fails to locate any authority requiring deferment to tribal justice systems or the exhaustion of tribal remedies where the charge involves the sexual exploitation of children, attempted possession with intent to sell child pornography in Indian Country, and the possession of child pornography in Indian Country. The Court similarly declines to employ the dramatic remedy of dismissal without substantial legal authority.

King appears to relatedly raise the issue of fair jury cross-section. King claims if he is tried in the Great Falls Division of the District of Montana, his jury pool may include an insufficient number of Native American jurors. (Doc. 58 at 3-4.) King's argument, taken to its maximum, would seem to permit a jury venire composed only of Fort Belknap tribal member. King's concerns prove premature.

"[T]o establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S.

357, 364 (1979). The second prong of a *Duren* challenge "requires proof, typically statistical data, that the jury pool does not adequately represent the distinctive group in relation to the number of such persons in the community." *United States v. Simmons*, No. 22-30134, 2023 WL 8016707, at *1 (9th Cir. Nov. 20, 2023) (citations and quotations omitted).

The Great Falls Division of the District of Montana encompasses four Indian reservations, and Native Americans likely qualify as a "distinctive" group within the community. The Court's jury summons process draws prospective petit jurors from the following sources: general election registered voters, licensed drivers, and state identification card holders. *See* U.S. District Court for the District of Montana, "Jury Plan," https://www.mtd.uscourts.gov/sites/mtd/files/MTD_JuryPlan.pdf (last visited July 18, 2024). The Court's jury plan further prohibits exclusion from service as a grand or petit juror on account of race, color, religion, sex, national origin, or economic status. *Id.* King fails to include proof, such as statistical data, that the Court's jury pool does not adequately represent Native American persons in relation to the number of such persons in the community. *See Simmons*, 2023 WL 8016707 at *1. King's argument, moreover, proves premature, as a jury pool has not yet been selected, and the *voir dire* process has not yet been conducted. The Court will permit King to re-assert a fair-cross selection challenge during jury selection should such challenge prove appropriate.

**ORDER**

Accordingly, **IT IS ORDERED:**

1. King's motion to dismiss (Doc. 48) is **DENIED.**

DATED this 19th day of August, 2024.

Brian Morris, Chief District Judge
United States District Court